THE STATE, WILLIAM NORCROSS ET AL., PROSECUTORS, v. JOSEPH L. VEAL, COLLECTOR OF HAMILTON TOWNSHIP, IN THE COUNTY OF ATLANTIC.

Section 110 of the Road act (*Rev., p.* 1015) does not apply to the county of Atlantic. Under the act of 1846 (*Rev., p.* 1194, § 11), the townships in said county may raise such sum for road purposes as may be required.

On *certiorari.*

Argued at June Term, 1888, before Justices DEPUE, VAN SYCKEL and DIXON.

For the prosecutors, *Joseph Thompson.*

For the defendant, *Chas. T. Abbott* and *J. E. P. Abbott.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The controversy in this case relates to the legality of the assessment for road purposes in Hamilton township, Atlantic county, for the year 1887.

Section 110 of the Road act (*Rev., p.* 1015) provides: "That hereafter it shall not be lawful for any township to assess more than seventy nor less than twenty per centum of the amount raised for county and poor tax for road purposes."

Seventy per cent. of the amount raised in the aforesaid township for county and poor tax is $1,303.19.   The amount ordered to be raised for road tax is the sum of $2,000.

The excess is unlawful if said section 110 applies to said township.

The act of 1846 (*Rev., p.* 1194, § 11) authorizes the raising of such sum for road purposes as may be required.

By the act of March 7th, 1860 (*Pamph. L., p.* 211), it is provided that the aforesaid section 110 of the Road act shall not apply to Atlantic county, and that as to Atlantic county the act of 1846 shall be revived.

There is also an act (passed March 11th, 1886, *Pamph. L., p.* 359) which makes it lawful for the legal voters of any township in the state to vote for and appropriate such sum of money as they may determine for the purpose of crushing or providing crushed stone, gravel or cinders and placing the same upon the public roads of the township.

Under the existing laws, the township meeting did not overstep its authority.

The proceedings below should be affirmed, with costs.